State ex rel. v. Young.

## THE STATE ex rel. KELTON et al. v. YOUNG.

### In Banc, February 19, 1901.

1. **Elections: CERTIFICATE OF NOMINATION.** Where the county central committee divides into two factions, and each attempts to provide for the nomination of a county ticket, the county clerk should certify that the ticket nominated by the primary or convention ordered by a majority of the legally elected county committee, is the party's ticket for the county.

2. ———: **COUNTY COMMITTEE: ALTERNATE.** An alternate has no authority to act for his principal at a meeting of the county committee while his principal is present and acting in that or another committee meeting of the party.

3. ———: ———: **ELECTION OF COMMITTEEMEN.** Where a township committeeman has been duly elected, his predecessor, and the proxy of such predecessor, has no further authority to act as committeeman from said township.

### *Mandamus.*

PEREMPTORY WRIT DENIED.

*W. S. Pope* and *F. M. Mansfield* for relators.

*H. C. Young, E. H. Farnsworth* and *Thos. H. Musick* for respondent.

BRACE, J.—This is an original proceeding in this court by mandamus to compel the respondent county clerk of Wright county, to put the names of relators on the official ballot to be voted at the general election to be held on the sixth of November, 1900, as the regularly nominated candidates of the

Republican party; the relator Kelton for the office of representative of said county in the Legislature, the other relators, Pryor for sheriff, Ussery for county judge, Newton for prosecuting attorney, Long for collector, Thomas for assessor, Owens for treasurer, Bruton for surveyor, Wyman for coroner and Duncan for public administrator. The relators allege in their petition, in substance, that they were severally nominated for the respective county offices aforesaid by the Republican party of Wright county on the nineteenth of May, 1900; that a certificate of their nomination duly executed was on the seventh day of September, 1900, filed with the said William Young, clerk of the county court of said county; that on the eighth day of September, 1900, objections to the certificate of their nomination as aforesaid, were made and filed with said clerk; that he gave notice thereof to the relators, and on the twentieth of September, 1900, passed upon the validity of such objections, wrongfully sustained the same and wrongfully held that the relators are not the regularly nominated candidates of the Republican party of Wright county, and refuses to put their names on the official ballot as such.

The certificate of relators' nomination filed with the clerk, purporting to be a nomination by primary election, was signed by L. Dresden Bruton as chairman and Allen Robinett as secretary of the Republican central committee of Wright county. On the same day there was filed with the clerk another certificate of nomination purporting to be a nomination by a convention of other persons as the candidates of the Republican party of said county for the offices aforesaid, signed by I. H. Cramer as chairman and William E. Fuson as secretary, of a Republican county nominating convention held in said county on the twenty-eighth of July, 1900.

The clerk after due consideration passed upon the objection; found that the majority of the Republican central com-

Vol. 160 mo—21

mittee of Wright county was *not* represented by the said Bruton and Robinett, chairman and secretary as aforesaid, and refused to put the names of the relators on the official ballot, as the nominees of the Republican party of said county in accordance with their certificate, and further found "that the nominations signed by J. H. Cramer as chairman, and W. E. Fuson as secretary, is the valid Republican ticket of Wright county, Missouri, for the year 1900, and as such I will so recognize and publish it."

Thereupon this proceeding was instituted. The evidence in the case taken by deposition tends to prove that in accordance with the usages of the Republican party of Wright county, and in pursuance of the order of its predecessor, a Republican central committee of said county was duly elected, composed of the following fourteen persons: L. Dresdon Bruton, M. G. Hensley, P. S. Wilks, T. E. Alsup, Paul Ellis, P. M. Ussery, William Newton, James Bennett, Allen Robinett, Wayman Thompkins, W. E. Fuson, E. L. Evans, J. C. Casey and Frank Hudson; that on the second day of April, 1900, they assembled for organization; that thereupon a question arose as to whether their credentials should be passed upon by the old or the new committee, the controversy over which resulted in a division of the committee into two factions, and a separate organization of each; one composed of the following members of the committee, to-wit, M. G. Hensley, P. S. Wilks, T. E. Alsup, Paul Ellis, William Newton, W. E. Fuson, E. L. Evans and Frank Hudson, of which the said Hensley became chairman; the other composed of the following members, viz., L. Dresden Bruton, P. M. Ussery, James Bennett, Allen Robinett, Wayman Thompkins, J. C. Casey, and two alternates, George Nichols, alternate of William Newton, and F. W. Duggan, alternate of L. Dresden Bruton, and one J. H. Robinett as proxy of I. W. Stephens, the member of the old com-

mittee from Mountain Grove township, of which the said Bruton became chairman.  Each of these committees thus constituted, assumed to be the central committee of the Republican party of Wright county.  The former called a county convention for the purpose of nominating the candidates of that party for county officers, and the latter called a primary election for the same purpose.  The result was the nomination of two sets of candidates, and the two certificates thereof filed with the county clerk as aforesaid, the question to be decided by him being which of these two committees was the legally constituted central committee of the Republican party of Wright county?  That he decided it correctly we have no doubt.

In political conventions in the United States an alternate is "one authorized to take the place of another in his absence; a substitute."  [Cent. Dict.]  The alternates of Newton and Duggan had no authority whatever to act as committeemen while their principals were present and acting for themselves in one or the other of these committees.  And we find as a fact, that there was an election for a new committeeman in Mountain Grove township and that P. M. Wilks was duly elected as such, hence I. W. Stephens the old committeeman was *functus officio* and neither he nor his proxy J. H. Robinett had any authority to act as committeeman from that township.  Striking his name out and those of the two alternates Nichols and Duggan from the roll of the Bruton committee there were left but six members of the Republican central committee of Wright county in that committee, while there were eight of such members in the Hensley committee.  "That the majority shall rule" must be presumed to be in accord with the usages of the Republican party of Wright county, and as the ruling of the county clerk is supported by this principle, his action ought to be sustained, and a peremptory writ denied.  It has accordingly been so ordered.  All concur.